ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                       )
                                                   )
Anaconda Construction Company                      )     ASBCA No. 60905
                                                   )
Under Contract No. W91B4N-12-P-5086               )

APPEARANCE FOR THE APPELLANT:          Mr. Shoib Khan
                                       CEO

APPEARANCES FOR THE GOVERNMENT:        Raymond M. Saunders, Esq.
                                        Army Chief Trial Attorney
                                       MAJ Christopher M. Coy, JA
                                        Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE SWEET
## ON THE GOVERNMENT'S MOTION TO DISMISS

Appellant Anaconda Construction Company (ACC) brings this action challenging the government's decision that it was not entitled to the costs of two loaders allegedly destroyed in the course of performing the above-captioned contract, and the government's decision to deny ACC's settlement proposal. The government has moved to dismiss this action for failure to timely appeal the relevant contracting officer's final decisions. ACC submitted a short response to the motion. The motion is granted.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The Bagram Regional Contracting Center (government) awarded Contract No. W91B4N-12-P-5086 to ACC to operate and maintain a burn pit for solid waste at Bagram Airfield in Afghanistan (R4, tab 1 at 4, 45[1]).

2. The government terminated the contract for convenience, effective 15 October 2013 (R4, tab 35 at 164). The termination notice directed ACC to submit any settlement proposal by 15 November 2013 (*id.* at 165).

3. On 24 October 2013, ACC submitted a claim (October claim) for the cost to replace two loaders that were destroyed by fire during incineration operations (R4, tab 40 at 185). The October claim was for $160,000 (*id.*). The October claim also

---

[1] All Rule 4 cites are to the consecutively-numbered pages.

contained a certification in accordance with the requirements of the Contract Disputes Act (41 U.S.C. §§ 7101-7109) (*id.* at 184).

4. On 28 October 2013, the contracting officer (CO) emailed ACC a final decision on the October claim (October decision) (R4, tab 42). The CO determined that the government did not owe any funds to ACC (*id.* at 189). He also informed ACC that "[t]his is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency." (*Id.*)

5. On 7 November 2013, ACC apparently submitted a settlement proposal (settlement proposal) to the CO for $451,600, which represented labor and leased equipment expenses (R4, tab 49 at 210).[2]

6. On 18 November 2013, the CO sent ACC a "Notice of Intent to Settle by Contracting Officer Determination." The notice stated that the government intended to reject the settlement proposal due to a lack of supporting documentation. (R4, tab 49 at 210) The notice also requested that ACC submit supporting documentation within 15 days (*id.*).

7. Within 15 days, ACC submitted a revised settlement proposal (R4, tab 48). The revised settlement proposal sought to recover (1) $160,000 for the two loaders that were the subject of the October claim; and (2) $112,900 in other costs (*id.*). The revised settlement proposal did not contain a certification[3] (*id.*).

8. On 26 November 2013, the CO sent ACC a final decision (November decision) on the revised settlement proposal (R4, tab 53). The November decision stated that, "[s]ince the matter of the loaders was addressed by previous Contracting Officer Final Decision (dated 28 Oct 2013) outside the termination process,...the cost could not be included in the settlement" (*id.* at 223). The November decision also found that ACC was not entitled to any of the claimed $112,900 in costs (*id.*). As with the October decision, the November decision stated that "[t]his is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency." (*Id.* at 224)

---

[2] The settlement proposal is not part of the record, but is referenced in the 18 November 2013 notice of intent to settle (R4, tab 49 at 210; SOF ¶ 6).

[3] Nor was one required as a settlement proposal is typically submitted for negotiation and it becomes a claim after the parties reach an impasse.

9. On 7 November 2016—more than 90 days after the October decision and the November decision—ACC filed a notice of appeal with the Board.[4]

DECISION

We do not possess jurisdiction over this appeal from either final decision. The Contract Disputes Act (CDA) states that "[t]he contracting officer's decision on a claim is final and conclusive and is not subject to review by any forum, tribunal, or Federal Government agency, unless an appeal or action is timely commenced as authorized by this chapter." 41 U.S.C. § 7103(g). The CDA requires that a contractor certify a claim for more than $100,000. 41 U.S.C. § 7103(b)(1). Indeed, "a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim...until certified as required by the statute." FAR 2.101. Therefore, we do not possess jurisdiction to hear an appeal when a contractor did not certify a claim for more than $100,000. *Sygnetics, Inc.*, ASBCA No. 56806, 10-2 BCA ¶ 34,576 at 170,464-65.

The CDA also requires a contractor to appeal a final decision on a claim within 90 days of receipt of that decision. 41 U.S.C. § 7104(a). Therefore, we do not possess jurisdiction to hear an appeal when a contractor failed to file a notice of appeal within 90 days of its receipt of the final decision. *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390-91 (1982).

Here, ACC did not certify the November revised settlement proposal, despite the fact that it was for more than $100,000 (SOF ¶ 7). Therefore, the revised settlement proposal was not a claim, and we do not possess jurisdiction over any appeal based upon that proposal. FAR 2.101; *Sygnetics,* 10-2 BCA ¶ 34,576 at 170,464-65.[5] While ACC certified the October claim, it did not file a notice of appeal within 90 days of the October decision on that claim (SOF ¶¶ 3, 9). Thus, we do not possess jurisdiction over an appeal of that decision either. *Cosmic Constr.*, 697 F.2d at 1390-91.

ACC does not dispute that it failed to file a notice of appeal within 90 days of its receipt of the October decision or the November decision. Rather, in its brief response to the government's motion to dismiss, ACC argues that the CO did not inform it that it had

---

[4] ACC is not clear whether it is appealing the October decision, the November decision, or both (compl.). For purposes of this motion, we assume ACC is appealing both decisions.

[5] Even if ACC had certified the revised settlement proposal, it did not file a notice of appeal within 90 days of the November decision on that proposal, which would preclude our jurisdiction over any appeal based upon the revised settlement proposal.

3

to file an appeal within "30 days." The period for commencing an appeal does not commence if the CO inaccurately advises a contractor about its appeal rights, and the contractor detrimentally relies upon that inaccuracy. *Decker & Co. v. West*, 76 F.3d 1573, 1579 (Fed. Cir. 1996). Here, the CO accurately informed ACC in both the October decision and the November decision that "[i]f you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency" (SOF ¶¶ 4, 8). Because the CO accurately notified ACC that it had 90 days[6]—not 30 days—to file an appeal, the 90-day period for filing a notice of appeal commenced respectively when ACC received the October decision and the November decision.

## CONCLUSION

The government's motion to dismiss is granted. This appeal is dismissed for lack of jurisdiction.

Dated:  26 June 2017

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

---

[6] We do not know why ACC referenced 30 days in its response to the government's motion.

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60905, Appeal of Anaconda Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals